**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DILLON ROCK,

  Plaintiff-Appellee,

  v.

MIKE MILLER, Officer, (#1115),
Individually,

  Defendant-Appellant,

 and

N. CUMMINGS, Officer, (#1228),
Individually; et al.,

  Defendants.

No.   23-16009

D.C. No. 2:20-cv-01837-DWL

MEMORANDUM[*]

DILLON ROCK,

  Plaintiff-Appellant,

  v.

MIKE MILLER, Officer, (#1115),
Individually; et al.,

  Defendants-Appellees,

No.   23-16059

D.C. No. 2:20-cv-01837-DWL

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

UNKNOWN PARTIES, Does 110, inclusive,

Defendant.

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted July 11, 2024
San Francisco, California

Before: HIGGINSON,** MENDOZA, and DESAI, Circuit Judges.

Dillon Rock brought a 42 U.S.C. § 1983 action against Goodyear Police Department Officer Mike Miller, Corporal Nathan Cummings, Sergeant Ryan McCarthy, and Officers Scott Preston, Aaron Torres, and Josh White for violating his right to be free from excessive force under the Fourth Amendment. Defendants moved for summary judgment on qualified immunity grounds, and the district court granted the motion as to all defendants except Officer Miller, who was denied qualified immunity. Officer Miller appealed and Rock cross-appealed. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Watkins v. City of Oakland*, 145 F.3d 1087, 1091 (9th Cir. 1998). We affirm.

We review de novo a district court's grant or denial of qualified immunity. *Id.*

---

** The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

2

at 1092; *Tobias v. Arteaga*, 996 F.3d 571, 579 (9th Cir. 2021). We take "the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).

An officer is entitled to qualified immunity unless the plaintiff shows that (1) the officer violated the plaintiff's constitutional right and (2) the right was "clearly established at the time of the officer's actions." *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020). In conducting our analysis, we look to "cases relevant to the situation [the officer] confronted, mindful that there need not be a case directly on point." *A.K.H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005, 1013 (9th Cir. 2016) (internal quotation marks and citations omitted).

1.      We affirm the district court's denial of qualified immunity to Officer Miller, the canine handler, for allowing the dog to bite Rock for forty-one seconds even though Rock was unarmed and not resisting arrest.[1] Our precedent clearly establishes that allowing a canine bite to continue when the plaintiff neither endangers officers nor attempts to flee or resist arrest violates the Fourth Amendment. *Watkins*, 145 F.3d at 1090, 1093.

Here, police responded to a 911 call about Rock threatening his father's wife with a knife and damaging property. Upon arriving at the scene, officers saw Rock

---

[1]     We do not address whether the officers were permitted to deploy the canine in the first instance because that issue is not before us in this appeal.

3

run and hide in a shed in the side yard. Before entering the yard, Officer Miller, unaided by a PA system, twice warned that if Rock did not "make himself known," Miller would send his police dog into the yard to bite him. Rock, who was in a closed shed on the opposite side of the yard, could not discern Miller's words and was unaware of the presence of a police dog. Miller eventually led the way from the gate to the shed.

When he reached the shed, the canine signaled Rock's presence to the officers. The officers were immediately outside the shed but failed to provide additional warnings about the dog. Cummings opened the shed door and Miller deployed the canine into the shed. Miller gave a bite command and praised the dog for biting Rock. Rock immediately began screaming in pain. The canine dragged Rock out of the shed and onto his stomach, where four officers surrounded Rock. It was apparent to the officers that Rock was unarmed and that the shed was empty. Indeed, Miller admitted that Rock had nothing in his hands when he was dragged from the shed. Defendants allege that Rock was resisting arrest by grabbing the dog's lead but the district court found a genuine issue of fact as to whether Rock was resisting arrest or recoiling from the pain. *See Armendariz v. Penman*, 75 F.3d 1311, 1317 (9th Cir. 1996) (en banc) ("[T]he collateral order doctrine does not provide appellate jurisdiction to review the district court's decision that genuine issues of material fact exist for trial."), *overruled in part on other grounds as recognized in Crown Point*

4

*Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 852 (9th Cir. 2007). The bite lasted forty-one seconds, resulting in serious damage to Rock's arm.

Viewing the evidence in the light most favorable to Rock, Miller allowed the canine to continue biting Rock even though he was unarmed, did not present an immediate threat to the officers or others, and did not resist or actively evade arrest. *Watkins*, 145 F.3d at 1093 (allowing canine to bite suspect for "excessive duration" violated clearly established law); *Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994) (observing that "excessive force has been used when a deputy sics a canine on a handcuffed arrestee who has fully surrendered and is completely under control"). Officer Miller is thus not entitled to qualified immunity.

2. Rock argues that the passive officers are also not entitled to qualified immunity because: (1) they failed to intervene during the dog bite; and (2) they were "integral participants" in Officer Miller's use of excessive force.[2] Here, even assuming a constitutional violation, we cannot say that the passive officers violated clearly established law. "A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (per curiam) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam)). While there need not be a

---

[2] We do not address whether the passive officers failed to intervene or were integral participants with respect to the initial deployment of the canine because this issue is also not before us in this appeal.

Supreme Court or circuit case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix*, 577 U.S. at 12. Existing precedent does not place the question of the passive officers' constitutional violations beyond debate. The passive officers are thus entitled to qualified immunity on Rock's Fourth Amendment claims arising from the passive officers' failure to intervene and "integral participation" during the forty-one-second canine bite.

**AFFIRMED.**[3]

---

[3]    The panel denies defendants' motion to file supplemental briefing on *Rosenbaum v. City of San Jose, et al.*, No. 22-16863.